UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

**THOMAS P. KENNY and
PATRICIA D. KENNY,**

                     Plaintiffs,

      -against-

**THE CITY of NEW YORK, and
BREAKING SOLUTIONS, INC.,**

                     Defendants.
-----------------------------------------------------------X



**09 1422**

**COMPLAINT**

PLAINTIFFS
DEMAND
TRIAL BY JURY

MAUSKOPF

POHORELSKY, M.J.

Plaintiffs, by their attorney, MICHAEL D. FLYNN, complaining of the defendants, respectfully allege as follows:

### THE PARTIES and JURISDICTION

1. Plaintiff THOMAS P. KENNY is a citizen of the State of New Jersey.

2. Plaintiff PATRICIA D. KENNY is a citizen of the State of New Jersey.

3. At all times hereinafter mentioned, defendant CITY OF NEW YORK, hereinafter "CITY", was a municipal corporation existing under and by virtue of the laws of the State of New York, and was doing business within the jurisdiction of this Court.

4. Defendant "CITY" is a citizen of the State of New York.

5. At all times hereinafter mentioned, defendant BREAKING SOLUTIONS, INC., hereinafter "BREAKING" was a corporation duly organized and existing under and by virtue of the laws of the State of New York, and was doing business within the jurisdiction of this Court.

6. Defendant "BREAKING" is a citizen of the State of New York.

7. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. The Court has jurisdiction of the subject matter of plaintiffs' action against the defendants pursuant to 28 USC §1332, Diversity of Citizenship.

## FIRST CAUSE OF ACTION
## Plaintiff THOMAS P. KENNY against the defendant "CITY" for VIOLATION OF NYS LABOR LAW ARTICLE TEN § 240.

9. Pursuant to NYS General Municipal Law § 50-e, plaintiffs' Notice of Claim, demand and intention to sue, containing the time and the place at which injuries were inflicted upon the plaintiff THOMAS P. KENNY resulting in damages to the plaintiffs, was duly filed with the Comptroller of the City of New York on March 5, 2009, within 90 days after the cause of action accrued and before the commencement of this action; and that this action was commenced within one year and 90 days after said cause of action accrued; and more than 30 days has elapsed since the presentation of the aforesaid claim and demand, and defendant "CITY" and the Comptroller of the City of New York have refused and neglected to make any adjustment or payment thereof.

10. That at all times hereinafter mentioned, plaintiff THOMAS P. KENNY was an employee of the New York City Transit Authority, hereinafter "Transit".

11. That at all times hereinafter mentioned, "Transit" by its employees, contractors, and/or agents was doing demolition and construction work in the subway tunnel at and near the Nostrand Avenue Subway Station of the #3 line at and near Eastern Parkway, Brooklyn, Kings County, New York, hereinafter the "demolition/construction area".

12. That at all times hereinafter mentioned, defendant "CITY" was the owner of the real property and premises described herein as the "demolition/construction area".

13. That at all times hereinafter mentioned, "Transit" had the defendant "BREAKING" performing demolition and alteration of subway related structures at the "demolition/construction area".

14. That at all times hereinafter mentioned, plaintiff THOMAS P. KENNY was in the course and scope of his employment, as an employee of "Transit", working on top of the bench wall, an elevated work position, performing the labor of demolition, altering, and cleaning at the "demolition/construction area".

15. That on February 14, 2009, while plaintiff THOMAS P. KENNY was working for "Transit" at the "demolition/construction area", he was caused to lose his balance and fall from the top of the bench wall to the area below his work position, and sustain the injuries hereinafter set forth.

16. That the aforesaid occurrence was due to violation of the NYS Labor Law §240, by the defendant "CITY", its agents, contractors, statutory agents and/or employees, as they failed to furnish or erect, or cause to be furnished or erected for the performance of the labor being performed by plaintiff THOMAS P. KENNY, scaffolding, hoists, stays, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which were so constructed, placed and operated as to give proper protection to plaintiff THOMAS P. KENNY, and due to no fault or lack of care on the part of the this plaintiff.

17. That this cause of action falls within one or more of the exceptions set forth in NYS CPLR §1602 to wit.; CPLR §1602 (8).

18. Upon information and belief, that as a result of the foregoing, plaintiff THOMAS P. KENNY sustained injuries to his limbs and body, and injuries to his nervous system, and other systems of his body, shock to his nervous system, anxiety, stress, and suffering; has suffered, suffers and will suffer physical pain, mental anguish, and the loss of the enjoyment of the pursuits and pleasures of life, disruption of the activities of daily living, and other personal injuries; some of which are and will be permanent in nature; that plaintiff has received, receives and will receive medical, surgical, hospital and health care treatment and care, and has and will incur expenses for medical, surgical, hospital, and health care providers and health care treatment; and has been, is and will be confined to hospital, bed and/or home as a result thereof; plaintiff has lost, and will lose time from employment, employment earnings, and/or employment perquisites; all to his damage, in a sum, in accord with allegation 7, *supra*, however, not exceeding $10,000,000.00.

## SECOND CAUSE OF ACTION
### Plaintiff THOMAS P. KENNY against the defendant "CITY" for VIOLATION OF NYS LABOR LAW ARTICLE TEN § 241.

19. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 9., to 14., with the same force and effect as if fully set forth herein.

20. That on February 14, 2009, while plaintiff THOMAS P. KENNY was working for "Transit" at the "demolition/construction area", he was caused to lose his balance and fall from the top of the bench wall to the area below his work position, and sustain the injuries hereinafter set forth.

21. That the aforesaid occurrence was due to violation of the NYS Labor Law § 241, by the defendant "CITY", its agents, contractors, statutory agents and/or employees, as they failed to furnish or erect, or cause to be furnished or erected for

the performance of the labor being performed by plaintiff THOMAS P. KENNY, scaffolding, hoists, stays, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which were so constructed, placed and operated as to give proper protection to plaintiff THOMAS P. KENNY; in failing to provide a safe place to work; causing, permitting and/or allowing an unsafe workplace; failing to use a safe work plan and/or safe work methods, causing, permitting and/or allowing the use an unsafe work plan and/or unsafe work methods; failing to properly, safely, adequately and/or sufficiently operate, manage and control the demolition process and demolition equipment thereby causing an explosion; permitting and/or allowing improper, inadequate, unsafe and/or insufficient demolition equipment operation and movement; in failing to provide plaintiff protection from the hazard of falling from the elevated work position; causing, permitting and/or allowing the work to proceed without providing plaintiff THOMAS P. KENNY protection from the hazard of falling; failing to properly, adequately, and/or sufficiently furnish, erect, or cause to be furnished or erected, scaffolding, hoists, stays, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices, so constructed, placed and operated to give proper protection to plaintiff THOMAS P. KENNY; failing to properly, adequately and/or sufficiently inspect the work area; causing, permitting and/or allowing the work to proceed without properly, adequately and/or sufficiently inspecting the work area; failing to use proper, adequate and sufficient tools and devices to perform the labor; causing, permitting and/or allowing the work to proceed without use of proper, adequate and sufficient tools and devices to perform the labor; violating the rules and regulations promulgated in the NYS Industrial Code, and the OSHA rules and regulations; failing to provide proper, adequate and/or sufficient coordination and/or supervision of work activities for the labor which was being performed; causing, permitting and/or allowing the work to proceed without proper, adequate and/or sufficient coordination and/or supervision of work activities for the labor which was being performed; failing to provide proper, adequate and/or sufficient protection against the risk of plaintiff's falling from his

elevated work position, and in allowing the work to proceed without proper, adequate and/or sufficient protection against plaintiff falling from his elevated work position; and in otherwise being careless and negligent; and due to no fault or lack of care on the part of the plaintiff herein

22. That this cause of action falls within one or more of the exceptions set forth in NYS CPLR §1602, to wit.; CPLR §1602 (8).

23. Upon information and belief, that as a result of the foregoing, plaintiff THOMAS P. KENNY sustained injuries to his limbs and body, and injuries to his nervous system, and other systems of his body, shock to his nervous system, anxiety, stress, and suffering; has suffered, suffers and will suffer physical pain, mental anguish, and the loss of the enjoyment of the pursuits and pleasures of life, disruption of the activities of daily living, and other personal injuries; some of which are and will be permanent in nature; that plaintiff has received, receives and will receive medical, surgical, hospital and health care treatment and care, and has and will incur expenses for medical, surgical, hospital, and health care providers and health care treatment; and has been, is and will be confined to hospital, bed and/or home as a result thereof; plaintiff has lost, and will lose time from employment, employment earnings, and/or employment perquisites; all to his damage, in a sum, in accord with allegation 7, *supra*, however, not exceeding $10,000,000.00.

## THIRD CAUSE OF ACTION
## Plaintiff PATRICIA D. KENNY, against the defendant "CITY"
## Pursuant to NYS Common Law.

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph 9. with the same force and effect as if fully set forth herein.

25. That at all times hereinafter mentioned, the plaintiff PATRICIA D. KENNY was and is the spouse of the plaintiff THOMAS P. KENNY.

26. That as a result of the violation of law and negligence of the defendant "CITY", as more fully set forth in the First and Second Causes of Action, *supra*, plaintiff PATRICIA D. KENNY has been suffered and continues to suffer damages by reason of having lost the services, society and consortium of her spouse, time from her employment, and by reason of her providing services, care, transportation and treatment to her spouse; all to her damage, in a sum, in accord with allegation 7, *supra*, however, not exceeding $10,000,000.00.

## FOURTH CAUSE OF ACTION
### Plaintiff THOMAS P. KENNY against the defendant "BREAKING" for VIOLATION OF NYS LABOR LAW ARTICLE TEN § 240.

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 10., to 14., with the same force and effect as if more fully set forth herein.

28. That on February 14, 2009, while plaintiff THOMAS P. KENNY was working for "Transit" at the "demolition/construction area", he was caused to lose his balance and fall from the top of the bench wall to the area below his work position, and sustain the injuries hereinafter set forth.

29. That the aforesaid occurrence was due to violation of the NYS Labor Law §240, by defendant "BREAKING", its agents, contractors, statutory agents and/or employees, as they failed to furnish or erect, or cause to be furnished or erected for the performance of the labor being performed by plaintiff THOMAS P. KENNY, scaffolding, hoists, stays, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which were so constructed, placed and operated as to give proper

protection to plaintiff THOMAS P. KENNY, and due to no fault or lack of care on the part of the this plaintiff.

30. That this cause of action falls within one or more of the exceptions set forth in NYS CPLR §1602 to wit.; CPLR §1602 (8).

31. Upon information and belief, that as a result of the foregoing, plaintiff THOMAS P. KENNY sustained injuries to his limbs and body, and injuries to his nervous system, and other systems of his body, shock to his nervous system, anxiety, stress, and suffering; has suffered, suffers and will suffer physical pain, mental anguish, and the loss of the enjoyment of the pursuits and pleasures of life, disruption of the activities of daily living, and other personal injuries; some of which are and will be permanent in nature; that plaintiff has received, receives and will receive medical, surgical, hospital and health care treatment and care, and has and will incur expenses for medical, surgical, hospital, and health care providers and health care treatment; and has been, is and will be confined to hospital, bed and/or home as a result thereof; plaintiff has lost, and will lose time from employment, employment earnings, and/or employment perquisites; all to his damage, in a sum, in accord with allegation 7, *supra*, however, not exceeding $10,000,000.00.

## FIFTH CAUSE OF ACTION
## Plaintiff THOMAS P. KENNY against the defendant "BREAKING" for VIOLATION OF NYS LABOR LAW ARTICLE TEN § 241.

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 10., to 14., with the same force and effect as if more fully set forth herein.

33. That on February 14, 2009, while plaintiff THOMAS P. KENNY was working for "Transit" at the "demolition/construction area", he was caused to lose his balance and

fall from the top of the bench wall to the area below his work position, and sustain the injuries hereinafter set forth.

34. That the aforesaid occurrence was due to violation of the NYS Labor Law §241, by the defendant "BREAKING", its agents, contractors, statutory agents and/or employees, as they failed to furnish or erect, or cause to be furnished or erected for the performance of the labor being performed by plaintiff THOMAS P. KENNY, scaffolding, hoists, stays, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which were so constructed, placed and operated as to give proper protection to plaintiff THOMAS P. KENNY; in: failing to provide a safe place to work; causing, permitting and/or allowing an unsafe workplace; failing to use a safe work plan and/or safe work methods, causing, permitting and/or allowing the use an unsafe work plan and/or unsafe work methods; failing to properly, safely, adequately and/or sufficiently operate, manage and control the demolition process and demolition equipment thereby causing an explosion; permitting and/or allowing improper, inadequate, unsafe and/or insufficient demolition equipment operation and movement; in failing to provide plaintiff protection from the hazard of falling from the elevated work position, causing, permitting and/or allowing the work to proceed without providing plaintiff THOMAS P. KENNY protection from the hazard of falling; failing to properly, adequately, and/or sufficiently furnish, erect, or cause to be furnished or erected, scaffolding, hoists, stays, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices, so constructed, placed and operated to give proper protection to plaintiff THOMAS P. KENNY; failing to properly, adequately and/or sufficiently inspect the work area; causing, permitting and/or allowing the work to proceed without properly, adequately and/or sufficiently inspecting the work area; failing to use proper, adequate and sufficient tools and devices to perform the labor; causing, permitting and/or allowing the work to proceed without use of proper, adequate and sufficient tools and devices to perform the labor; violating the rules and regulations promulgated

in the NYS Industrial Code, and the OSHA rules and regulations; failing to provide proper, adequate and/or sufficient coordination and/or supervision of work activities for the labor which was being performed; causing, permitting and/or allowing the work to proceed without proper, adequate and/or sufficient coordination and/or supervision of work activities for the labor which was being performed; failing to provide proper, adequate and/or sufficient protection against the risk of plaintiff's falling from his elevated work position, and in allowing the work to proceed without proper, adequate and/or sufficient protection against plaintiff falling from his elevated work position; and in otherwise being careless and negligent; and due to no fault or lack of care on the part of the plaintiff herein

35. That this cause of action falls within one or more of the exceptions set forth in NYS CPLR §1602, to wit.; CPLR §1602 (8).

36. Upon information and belief, that as a result of the foregoing, plaintiff THOMAS P. KENNY sustained injuries to his limbs and body, and injuries to his nervous system, and other systems of his body, shock to his nervous system, anxiety, stress, and suffering; has suffered, suffers and will suffer physical pain, mental anguish, and the loss of the enjoyment of the pursuits and pleasures of life, disruption of the activities of daily living, and other personal injuries; some of which are and will be permanent in nature; that plaintiff has received, receives and will receive medical, surgical, hospital and health care treatment and care, and has and will incur expenses for medical, hospital, and health care providers and health care treatment; and has been, is and will be confined to hospital, bed and/or home as a result thereof; plaintiff has lost, and will lose time from employment, employment earnings, and/or employment perquisites; all to his damage, in a sum, in accord with allegation 7, *supra*, however, not exceeding $10,000,000.00.

## SIXTH CAUSE OF ACTION
## Plaintiff THOMAS P. KENNY against the defendant "BREAKING" for VIOLATION OF NYS LABOR LAW § 200 and COMMON LAW NEGLIGENCE.

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 10., to 14., with the same force and effect as if more fully set forth herein.

38. That on February 14, 2009, while plaintiff THOMAS P. KENNY was working for "Transit" at the "demolition/construction area", he was caused to lose his balance and fall from the top of the bench wall to the area below his work position, and sustain the injuries hereinafter set forth.

39. That the aforesaid occurrence was due to the carelessness and negligence of the defendant "BREAKING", it agents, contractors, statutory agents and employees, as they violated NYS LL §200, failed to furnish or erect, or cause to be furnished or erected for the performance of the labor being performed by plaintiff THOMAS P. KENNY, scaffolding, hoists, stays, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which were so constructed, placed and operated as to give proper protection to plaintiff THOMAS P. KENNY; in: failing to provide a safe place to work; causing, permitting and/or allowing an unsafe workplace; failing to use a safe work plan and/or safe work methods, causing, permitting and/or allowing the use an unsafe work plan and/or unsafe work methods; failing to properly, safely, adequately and/or sufficiently operate, manage and control the demolition process and demolition equipment thereby causing an explosion; permitting and/or allowing improper, inadequate, unsafe and/or insufficient demolition equipment operation and movement; in failing to provide plaintiff protection from the hazard of falling from the elevated work position, causing, permitting and/or allowing the work to proceed without providing plaintiff THOMAS P. KENNY protection from the hazard of falling; failing to properly, adequately, and/or sufficiently furnish, erect, or cause to be furnished or erected,

scaffolding, hoists, stays, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices, so constructed, placed and operated to give proper protection to plaintiff THOMAS P. KENNY; failing to properly, adequately and/or sufficiently inspect the work area; causing, permitting and/or allowing the work to proceed without properly, adequately and/or sufficiently inspecting the work area; failing to use proper, adequate and sufficient tools and devices to perform the labor; causing, permitting and/or allowing the work to proceed without use of proper, adequate and sufficient tools and devices to perform the labor; violating the rules and regulations promulgated in the NYS Industrial Code, and the OSHA rules and regulations; failing to provide proper, adequate and/or sufficient coordination and/or supervision of work activities for the labor which was being performed; causing, permitting and/or allowing the work to proceed without proper, adequate and/or sufficient coordination and/or supervision of work activities for the labor which was being performed; failing to provide proper, adequate and/or sufficient protection against the risk of plaintiff's falling from his elevated work position, and in allowing the work to proceed without proper, adequate and/or sufficient protection against plaintiff falling from his elevated work position; and in otherwise being careless and negligent; and due to no fault or lack of care on the part of the plaintiff herein

40. Upon information and belief, that as a result of the foregoing, plaintiff THOMAS P. KENNY sustained injuries to his limbs and body, and injuries to his nervous system, and other systems of his body, shock to his nervous system, anxiety, stress, and suffering; has suffered, suffers and will suffer physical pain, mental anguish, and the loss of the enjoyment of the pursuits and pleasures of life, disruption of the activities of daily living, and other personal injuries; some of which are and will be permanent in nature; that plaintiff has received, receives and will receive medical, hospital and health care treatment and care, and has and will incur expenses for medical, hospital, and health care providers and health care treatment; and has been, is and will be

confined to hospital, bed and/or home as a result thereof; plaintiff has lost, and will lose time from employment, employment earnings, and/or employment perquisites; all to his damage, in a sum, in accord with allegation 7, *supra*, however, not exceeding $10,000,000.00.

## SEVENTH CAUSE OF ACTION
## Plaintiff PATRICIA D. KENNY against the defendant "BREAKING" pursuant to NYS Common Law.

41. That at all times hereinafter mentioned, the plaintiff PATRICIA D. KENNY was the spouse of the plaintiff THOMAS P. KENNY.

42. That as a result of the violation of law and negligence of the defendant "BREAKING", as more fully set forth in Fourth, Fifth, and Sixth Causes of Action, *supra*, plaintiff PATRICIA D. KENNY has been suffered and continues to suffer damages by reason of having lost the services, society and consortium of her spouse, time from her employment, and by reason of her providing services, care, transportation, transportation related expenses, and treatment to her spouse; all to her damage, in a sum, in accord with allegation 7, *supra*, however, not exceeding $10,000,000.00.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, plaintiff THOMAS P. KENNY demands judgment in the: First Cause of action against the defendant "CITY", in a sum, in accord with allegation 7, *supra*, however, not exceeding $10,000,000.00; Second Cause of action against the defendant "CITY" in a sum, in accord with allegation 7, *supra*, however, not exceeding $10,000,000.00; Plaintiff PATRICIA D. KENNY demands judgment in the Third Cause of action against the defendant "CITY" in a sum, in accord with allegation 7, *supra*, however, not exceeding $10,000,000.00; Plaintiff THOMAS P. KENNY demands judgment in the: Fourth Cause of action against the defendant "BREAKING" in a sum,

in accord with allegation 7, *supra*, however, not exceeding $10,000,000.00; Fifth Cause of action against the defendant "BREAKING in a sum, in accord with allegation 7, *supra*, however, not exceeding $10,000,000.00; and Sixth Cause of action against the defendant "BREAKING" in a sum, in accord with allegation 7, *supra*, however, not exceeding $10,000,000.00; and Plaintiff PATRICIA D. KENNY demands judgment in the Seventh Cause of action against the defendant "BREAKING" in a sum, in accord with allegation 7, *supra*, however, not exceeding $10,000,000.00; altogether on each cause of action with the costs and disbursements of this action.

Dated: New York, New York
April 7, 2009

                                    MICHAEL D. FLYNN
                                    Attorney for Plaintiffs

                                    BY _____
                                    VALERIE J. LAURIELLO (VL 6192)
                                    Attorney at Law
                                    Office & P.O. Address
                                    11 Penn Plaza 5th Floor
                                    New York, New York 10001
                                    212-946-2718
                                    FAX 212-946-2722
                                    E-mail: VJLAURIELLOLAW@AOL.COM