UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THOMAS P. KENNY and PATRICIA D. KENNY,

                Plaintiffs,

- against -

THE CITY OF NEW YORK, and BREAKING SOLUTIONS, INC.

                Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
09-CV-1422 (RRM)(VVP)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

    Plaintiffs Thomas P. Kenny ("Kenny") and Patricia D. Kenny bring this action for monetary relief against defendants City of New York ("City") and Breaking Solutions, Inc. ("Breaking"). As against City, plaintiffs allege violations of New York State Labor Law §§ 240 ("§ 240"), 241 and loss of consortium. As against Breaking, plaintiffs allege violations of New York Labor Law §§ 200, 240, 241, common law negligence and loss of consortium.[1] City, as third-party plaintiff, brings a third-party complaint against third-party defendants New York City Transit Authority and Metropolitan Transit Authority collectively, "Transit") for indemnity and contribution. Transit brings counterclaims against City and claims against Breaking. Presently before the Court are plaintiffs' motions to strike the third-party claim pursuant to Rule 14 and to dismiss their claims against Breaking with prejudice pursuant to Rule 42. (Pls.' Mot. to Dismiss (Doc. No. 58) at 1–2.) For the reasons below, plaintiffs' motions are GRANTED in their entirety.

---

[1] City and Breaking brought crossclaims against each other for indemnification and contribution. (See City's Answer (Doc. No. 7) ¶ 10 (City's crossclaims); Breaking's Verified Answer (Doc. No. 8) at 9–10 (Breaking's crossclaims).) However, City and Breaking have stipulated to the withdrawal of all crossclaims against each other. (*See* Letter from Breaking dated February 18, 2011 (Doc. No. 57) at 1.) Accordingly, all crossclaims by City against Breaking, and all crossclaims by Breaking against City, are hereby DISMISSED.

**BACKGROUND**[2]

Plaintiffs commenced this diversity action seeking compensation for injuries Kenny suffered in February 2009 while performing demolition work near Nostrand Avenue Station, Brooklyn, as an employee of Transit. (Third-party Compl. (Doc. No. 33) ¶¶ 18–23.) At the time of the injury, Transit was in possession of the premises as lessee of City. (*Id.* ¶ 9–17.) Transit had contracted with Breaking to perform demolition work. (*See* Letter dated Oct. 20, 2010 from Breaking (Doc. No. 44) at 1.) Breaking had an insurance policy with Burlington Insurance Company ("Burlington") naming City and Transit as additional insureds. (*See* Letter dated Jan. 21, 2010 from City (Doc. No. 25) at 2–3.) City, Breaking and Transit tendered claims to Burlington, who accepted the tenders and subrogated to the rights of each. (*Id.*) After discovery between plaintiffs and defendants was complete, Burlington determined that its acceptance of Transit's tender was improvident, disclaimed coverage and, as City's subrogee, instituted the third-party action. (*See* Letter dated Aug. 8, 2011 from Transit (Doc. No. 64) at 1–2). City has conceded liability to plaintiffs for violating § 240(1). (*See* Letter dated Feb. 18, 2011 from City (Doc. No. 57) at 1; Order dated Jan. 29, 2010 (Doc. No. 30) at 1–2 (so-ordering stipulation).)

On February 9, 2011, the Court held a lengthy conference at which counsel for plaintiffs, defendants, third-party defendants and Burlington were heard on the issues of indemnification, contribution, and liability, and the efficiency of maintaining the third-party action.

**DISCUSSION**

**I.     Motion to strike the third-party complaint**

Rule 14(a) of the Federal Rules of Civil Procedure governs third-party practice. *See e.g.*, *Salomon v. Burr Manor Estates, Inc.*, 635 F. Supp. 2d 196, 199–200 (E.D.N.Y. 2009). "Any

---

[2] The following facts are drawn from City's third-party complaint, the factual allegations of which are taken as true for purposes of the instant motion, and are stated without prejudice. *See Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, No. 04-CV-7497 (KMK), 2007 WL 633951, at *2 (S.D.N.Y. Feb. 26, 2007).

2

party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). The thrust of plaintiffs' motion is that third-party practice here is counterproductive to judicial economy, and, therefore, though couched in terms of Rules 21 and 42, the Court will treat plaintiffs' motion as a motion to vacate the order granting leave to file the third-party action, in the nature of a motion to strike. *See Greene v. City of N.Y.*, No. 08-CV-243 (RJD)(CLP), 2010 WL 1936224, at *2 (E.D.N.Y. May 12, 2010); 6 Wright, Miller & Kane, Federal Practice & Procedure, § 1460 (3d ed.) ("[T]he form of or the name given to the motion is not significant, let alone determinative. Whenever a motion to dismiss or to strike, or to vacate, or for a judgment on the pleadings, or for a summary judgment actually challenges the desirability of the impleader, it will be treated accordingly."); *see also Hartford Fire Ins. Co. v. Cnty. Asphalt, Inc.*, No. 01-CV-6176 (AGS)(GWG), 2002 WL 31654853, at *3 (S.D.N.Y. Nov. 22, 2002) (noting that pursuant to Rule 14(a), "[a]ny party may move to strike the third-party claim").

Rule 14(a) provides, in relevant part, that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." *Salomon*, 635 F. Supp. 2d at 199 (quoting Fed. R. Civ. P. 14(a)). The rule was "designed to promote judicial economy by eliminating the need for a defendant to bring a separate action against a third-party who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's claim." *Falcone v. MarineMax, Inc.*, 659 F. Supp. 2d 394, 401 (E.D.N.Y. 2009) (internal citation and quotation marks omitted). Thus, where more than 14 days have elapsed since a defendant has filed its answer, leave of court is required to serve a third-party complaint. Fed. R. Civ. P. 14(a)(1).

A court considers the same factors in deciding a motion to strike a third-party complaint as it does in granting leave to serve a third-party complaint. *Salomon*, 635 F. Supp. 2d at 200; 6 Wright et al., *supra*, § 1460. Thus, courts consider " '(1) whether the movant deliberately delayed or was derelict in filing the motion; (2) whether impleading would delay or unduly complicate the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can be granted.' " *Salomon*, 635 F. Supp. 2d at 200 (quoting *Dispute Resolution Mgmt., Inc. v. Greenberg Traurig, LLP*, No. 03-CV-3501 (SHS), 2004 WL 235270, at *1 (S.D.N.Y. Feb. 9, 2004)); *accord Murphy v. Keller Indus., Inc.*, 201 F.R.D. 317, 320 (S.D.N.Y. 2001); *Middle Mkt. Fin. Corp. v. D'Orazio*, No. 96-CV-8138 (SWK)(HBP), 1998 WL 872412, at *2 (S.D.N.Y. Dec. 15, 1998); *see also Falcone*, 659 F. Supp. 2d at 401 ("Timely motions for leave to implead non-parties should be freely granted to promote [judicial] efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." (internal citations omitted)); *Hartford Fire*, 2002 WL 31654853, at *3 ("[T]he court has discretion to strike the third-party claim if it is obviously unmeritorious and can only delay or prejudice the plaintiff's claims." (quoting Fed. R. Civ. P. 14 advisory committee note) (internal quotation marks omitted)).

Plaintiffs principally argue that questions surrounding coverage and indemnification, the propriety of Burlington's late disclaimer, and the application of the anti-subrogation rule to the third-party complaint, are merely incidental to the main question of liability, and will unduly delay resolution of the plaintiffs' substantive claims. For the reasons below, the Court agrees.

**A. Delay in moving to strike and filing the third-party complaint**

Plaintiffs' minimal delay in moving to strike was reasonable. City filed the third-party complaint on February 26, 2010. As fact discovery progressed, it became clear to plaintiffs that

the issues of insurance law surrounding the validity of the third-party complaint would be contentious and time-consuming. During this time, plaintiffs also learned of state and federal declaratory judgment actions that Transit or Burlington intended to file, which, plaintiffs reasoned, could delay the main action. Therefore, in December of 2010, shortly after the close of discovery in November 2010, plaintiffs made an initial, informal request to strike.[3] (Doc. No. 52.) In light of these considerations, the delay between the filing of the third-party complaint and plaintiffs' motion was neither "derelict" nor "deliberate." *See Salomon*, 635 F. Supp. 2d at 200. The Court finds, therefore, that the promptness of the instant motion weighs in favor of striking the third-party claim. *See also* 6 Wright *et al.*, *supra*, § 1460 ("challenge to the impleader should be made as promptly as possible").

Moreover, as explained above, Burlington accepted the claims tendered by all parties, including Transit, around the time the complaint was filed. Burlington supervised its insureds' conduct of the litigation, including the conduct of discovery. After discovery in the main action closed, Burlington abruptly withdrew its representation of Transit. City – to whose rights Burlington had subrogated, and with respect to whose defense Burlington declined to withdraw coverage – then filed the third-party complaint. This post-discovery filing impacted Transit's ability to conduct meaningful discovery for itself with respect to the main action. (*See* Conference Tr., 30–33, Feb. 9, 2011.) The City's filing, therefore, raises concerns as to the timeliness of Burlington's disclaimer, and weighs in favor of striking the third-party complaint. *See U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 369 F.3d 102, 107 (2d Cir. 2004) (Calabresi, J.) (explaining insurer's duty to "notify an insured as 'soon as is reasonably possible' of its intention to disclaim coverage" (quoting N.Y. Ins. Law § 3420(d))).

---

[3] Plaintiffs made the initial request in a pre-motion conference letter. The Court held the pre-motion conference on February 9, 2011, and plaintiffs filed the instant motion to dismiss shortly thereafter, on February 22, 2011, per the briefing schedule established at the conference.

### B. Delay and undue complication of the main action

Allowing the impleader to continue here will also delay trial and dispositive motion practice. Indeed, with respect to the main action, the City concedes liability, plaintiffs agree to dismiss all claims against Breaking as discussed below, and the only remaining issues appear to concern damages. Transit's liability is not determinative of City's under § 240(1) in the main action. *See Ambrosi v. 1085 Park Ave. LLC*, No. 06-CV-8163 (BSJ), 2008 WL 4386751, at *3 (S.D.N.Y. Sept. 25, 2008) ("[S]ection 240(1) places an absolute, nondelegable duty on owners to protect workers with appropriate safety devices."); *cf. Too, Inc. v. Kohl's Dept. Stores, Inc.*, 213 F.R.D. 138, 141 (S.D.N.Y. 2003) (allowing contribution impleader to proceed where third-party defendants played a role in establishing the underlying liability); *see also* Conference Tr., 49–50.

The time-consuming issues surrounding indemnification raised by the third-party claim would relegate the main action to mere background. Simply put, proceeding with the third-party action now would allow the tail to wag the dog, as it disserves judicial economy, causes delay, and prejudices plaintiffs. Indeed, the trend seems to favor the resolution of coverage disputes only *after* a personal injury plaintiff receives compensation. *See, e.g.*, *U.S. Underwriters Ins. Co. v. Skyline Dev. Corp.*, No. 09-CV-2569 (CM)(MHD), 2011 WL 1045061, at *2 (S.D.N.Y. Mar. 17, 2011); *Allianz Global Corporate & Specialty, N.A. v. Sacks*, No. 08-CV-563 (LTS), 2010 WL 3733915, at *2 (S.D.N.Y. Sept. 23, 2010); *Homeland Ins. Co. of N.Y. v. Nat'l Grange Mut. Ins. Co.*, 922 N.Y.S.2d 522, 523 (App. Div. 2011); *Indem. Ins. Co. of N. Am. v. St. Paul Mercury Ins. Co.*, 900 N.Y.S.2d 24, 26 (App. Div. 2010). Therefore, the Court finds that this factor weighs in favor of striking the third-party claim.

### C. Validity of the third-party complaint and prejudice to Transit

Although the underlying merits of the third-party claim have not been fully briefed, the parties have raised concerns about the propriety of the third-party complaint in light of the anti-

6

subrogation rule. As mentioned, Burlington is the insurer of Breaking, City and Transit under a policy with Breaking. The anti-subrogation rule bars an insurer's "right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered." *N. Star Reins. Corp. v. Cont'l Ins. Co.*, 82 N.Y.2d 281, 294 (1993). Burlington's position seems to be that its disclaimer resolves the anti-subrogation issue, but it is not at all clear that this is the case, as the anti-subrogation rule is triggered by the *bringing* of an action, without regard to whether the insurer is subrogated to the rights of its insured-defendant at the time of the litigation. *See, e.g., id.* at 296. In any event, this question can be resolved in the parallel declaratory judgment actions between Transit and Burlington currently pending in federal and state court. *See N.Y.C. Transit Auth. v. Burlington Ins. Co.*, No. 11-CV-1462 (E.D.N.Y. filed Mar. 25, 2011); *Burlington Ins. Co. v. N.Y.C. Transit Auth.*, No. 102774/2011 (Sup. Ct. N.Y. Cnty. filed Mar. 7, 2011). The prejudice to Transit in having to defend this third-party claim as well as the state court action, and prosecute the federal declaratory judgment action, is manifest.

For these reasons, the Court finds that nothing is gained by the maintenance of the third-party claim here, nor lost by its dismissal, and its net effect on balance is to cause delay, prejudice the plaintiffs, and burden the parties and the Court with protracted litigation on an issue that can easily await a full determination of liability, and may, indeed, be resolved in other fora. Plaintiffs' motion to strike the third-party Complaint, therefore, is GRANTED.

## II. Dismissal of Claims Against Breaking

Plaintiffs have moved to dismiss all claims as against defendant Breaking. (Pls.' Mot. to Dismiss at 1.) Absent unanimous stipulation, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" once the defendant has

answered or moved for summary judgment.[4] Fed. R. Civ. P. 41(a)(2). Defendants have answered, and plaintiffs have not submitted a stipulation of dismissal signed by all parties. *See* Fed. R. Civ. P. 41(a)(1)–(2). Neither Breaking nor any other party has expressed to the Court any objection to plaintiffs' motion. Plaintiffs concede that the action against Breaking is meritless, and consent to the dismissal of their claims against Breaking with prejudice. (*See* Pls.' Mot. to Dismiss at 1; *Alicea v. City of N.Y.*, No. 04-CV-1243 (RMB), 2005 WL 3071274, at *4 (S.D.N.Y. Nov. 15, 2005) (concession that a claim lacks merit triggers dismissal with prejudice).)

Under the circumstances, plaintiffs' motion is GRANTED, and plaintiffs' claims against Breaking as set forth in the fourth, fifth, sixth and seventh causes of action are DISMISSED with prejudice. *See Horton v. Trans World Airlines Corp.*, 169 F.R.D. 11, 18 (E.D.N.Y. 1996) (costs need not be imposed where claims are dismissed with prejudice under Rule 42(a)); *cf. Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) (factors to consider in granting a Rule 42(a) motion for voluntary dismissal *without* prejudice). In addition, City's crossclaims against Breaking, and Breaking's crossclaims against City are DISMISSED by stipulation. (*See* Doc. No. 57.)

---

[4] Rule 41(a)(2) further provides: "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 42(a)(2). However, Breaking has not asserted any counterclaims. (*See* Verified Answer by Breaking (Doc. No. 8).).

## CONCLUSION

For the reasons stated in this Memorandum and Order, plaintiffs' motions to strike the third-party complaint and dismiss all claims against Breaking (Doc. No. 58) are GRANTED, City's third-party complaint (Doc. No. 33) is DISMISSED in its entirety, and plaintiffs' fourth, fifth, sixth, and seventh causes of action (Compl. (Doc. No. 1) ¶¶ 27–42) are DISMISSED in their entirety. City's crossclaims against Breaking, and Breaking's crossclaims against City are DISMISSED by stipulation (Doc. No. 57).

SO ORDERED.

Dated: Brooklyn, New York
       September 26, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge